## C. SCHNEIDER v. COCHRANE, BULLARD & CO.

Bills drawn from one State of the Union on another are foreign bills so far as to give credit to the protests by Notaries in other States, and such protests are admissible without further proof, in our courts. But *notice* to parties sought to be charged as drawers or endorsers can not be proved by the certificate of the Notary who protested the bills, it must be proved like all other facts.

APPEAL from the First District Court of New Orleans, *Larue*, J. *Defour & Preaux*, for plaintiff and appallant. *Clarke & Bayne*, for defendant.

OGDEN, J. The certificate of the Notary who protested the bills on which the defendants are sued as endorsers, was the only evidence offered to prove notice of the dishonor of the bills. The evidence was objected to and we think ought to have been rejected. Notarial protests of foreign bills of exchange

have always been received in evidence as making proof of themselves accord-
ing to the custom of merchants, but the acts of foreign Notaries or of Notaries
of other States of the Union, beyond that exception, are not admissible in evi-
dence without proof of the signature and capacity of such Notary or other
public officer. *Waldron* v. *Turpin,* 15 L. R. 552. *Rosim* v. *Bonnabel,* 5 Rob.
164.

Bills drawn from one State of the Union on another, are now regarded as
foreign bills, so far as to give credit to the protests made by notaries in other
States and render them admissible without further proof in our courts, but
notice to parties sought to be charged as drawers or endorsers must be proved
like all other facts, and the Statute of 1827, which makes the certificates of
notice by Notaries in this State competent evidence of such notice, has no effect
beyond such instruments executed within the State and by public officers, whose
acts are thus clothed by law with the authority of authentic evidence.

There being no other proof of service of notice of protest, the plaintiff's
case is not made out.

The judgment of the court below is therefore affirmed with costs.